HENDERSON v. THE ST. L., K. C. & N. R. Co.

**Railroad:** STOCK KILLING: DOUBLE DAMAGES. To authorize a recovery against a railroad company for double damages for stock killed or injured under chap. 169, Laws of 1862, it is not necessary that the affidavit of injury should be made by the claimant himself. It may be made by others cognizant of the fact.

*Appeal from Appanoose Circuit Court.*

SATURDAY, APRIL 26.

ACTION to recover double the value of a colt killed by defendant's train of cars. The plaintiff alleged the killing, the value, the absence of fences, the right to fence, and that he had served notice and affidavit of said loss on defendant, who failed for more than thirty days to pay the value. The defendant for answer admitted the allegations of the petition, except the service of notice and affidavit of loss, and attached the original of the notice and affidavit which was served, and averred they were the only ones ever served on defendant, as follows:

"St. Louis, Kansas City & Northern R. Co. To John Henderson, Dr. To 1 horse, $75. State of Iowa, Appanoose County, ss: John Henderson makes oath and says that on

or about the 16th day of April, 1872, the cars of St. Louis, Kansas City & Northern Railroad Company, killed one two-year old horse worth seventy-five dollars; that said stock was his property and was killed in Wells township, Appanoose county, Iowa.

his<br>
" JOHN X HENDERSON.<br>
mark.

" Subscribed and sworn before me, this April 17, 1872.

----

" To the St. Louis, Kansas City & Northern Railroad Co.: You are hereby notified that on or about the 16th day of April, 1872, some of your employees, while running and operating one of your trains on the track of your road in Wells township, Appanoose county, Iowa, run over and killed one two-year old (past) horse, and that said horse was my property, and was killed at a point where you are required to fence your road, and that the said horse was appraised by Samuel Jordan and Thomas Wallace at seventy-five dollars, and that if payment is not made within thirty days from date of notice, that I will institute suit for double damages as provided by statute.

" Witness my hand this 17th day of April, 1872.

" JOHN HENDERSON."

" State of Iowa, Appanoose County, ss: We, Samuel Jordan and Thomas Wallace, do solemnly swear that we saw the appraised property after it was killed, and believe the same to be the property of John Henderson, as above stated, and that we believe that the said property was killed by the cars of the St. Louis, Kansas City & Northern Railroad Company, and that we have appraised the same and found it to be worth $75.00.

" SAMUEL JORDAN.<br>
" THOMAS WALLACE.

" Subscribed in my presence by Samuel Jordan and Thomas Wallace, and by them sworn to before me, this 17th day of April, 1872.

" LEVI DAVIS, J. P."

The following are the indorsements on the back of the notice, above set out, to-wit: "April 17, 1872, 11 o'clock, A. M., served on me by claimant. J. J. Phillipi, P. J." Also, "1777—Col. Murray, foreman, reports no fence; no public crossing. If there is liability on the part of company, settle. W. R. Arthur, General Superintendent, Park." Also, the following, in pencil, "Please have applicant fill one of your blanks, in form, and I will attend to it at once. C. A. Montrees."

The defendant also made an offer in writing to confess judgment for $75 and interest from April 16, 1872, and costs of suit; which offer was served on plaintiff, and not accepted.

The plaintiff demurred to the answer for that the exhibits attached to the answer did show defendant liable for double damages. The court sustained this demurrer, and the defendant standing upon the answer, judgment was rendered for plaintiff for $150. The defendant appeals.

*Trimble & Carruthers* for the appellant.

*George D. Porter* for the appellee.

COLE, J. — The only question here is, as to the sufficiency of the affidavit of the injury. If there had been the signature of a proper officer to the jurat following the affidavit (in form) signed by John Henderson, then the whole matter would have been free from doubt. But, for some cause, that was omitted, and hence there is no affidavit of the injury made by Henderson. The question then is reduced to one, whether the affidavit by the appraisers, Samuel Jordan and Thomas Wallace, is a sufficient affidavit of the injury. The statute says there must be served a notice, "accompanied by an affidavit of the injury or destruction of said property," etc. § 6, ch. 169 of Laws 1862. It does not state by whom the affidavit shall be made, nor does it require the affidavit to state who is the owner. In view of the statute, and all the showing made, we

agree with the circuit court in holding it sufficient. The case seems to be a chapter of accidents. The plaintiff accidentally omitted the jurat; the defendant accidentally forgot to pay within thirty days, as it manifestly intended to pay; and accidentally the affidavit of the appraisers satisfies the statute. The majority of the accidents conspire for plaintiff.

Affirmed.